

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 31, 2014

Edward P. Ryan, Jr., Esq.
O'Connor & Ryan
61 Academy Street
Fitchburg, MA 01420-7517

> Re:   United States v. Krystian Gubernat
>        Criminal No. 14-mj-4021-DHH

Dear Mr. Ryan:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Krystian Gubernat ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.    Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with:  Armed Bank Robbery, in violation of 18 U.S.C. §2113 (Counts Six and Eight); Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951 (Counts One through Five and Seven); Using, Carrying, and Brandishing a Firearm in Furtherance of a Violent Felony, in violation of 18 U.S.C.§924(c) (Count Nine); and Aiding and Abetting, in violation of 18 U.S.C. §2 (Counts One through Nine). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Nine of the Information, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses.  Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

The U.S. Attorney agrees not to charge Defendant with any additional counts of using, carrying, and brandishing a firearm pursuant to 18 U.S.C. §924(c) in connection with the conduct charged in Counts One through Five, Seven, and Eight of the Information.

2. Penalties

Defendant faces the following minimum mandatory and maximum penalties on each count of the Information: as to each of Counts One through Five, and Count Seven, incarceration for twenty years, supervised release for three years, a fine of $250,000, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information; as to each of Counts Six and Eight, incarceration for up to twenty-five years, supervised release for five years, a fine of $250,000, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information; and as to Count Nine, a mandatory minimum sentence of incarceration for seven years up to a maximum of life that must be imposed consecutively to any sentence imposed on the underlying crimes, supervised release for up to five years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Information.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Indeed, because Defendant is pleading guilty to Armed Bank Robbery, Interference with Commerce by Robbery, and Using, Carrying and Brandishing a Firearm in the Course of a Violent Felony, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a) in imposing a sentence.

The U.S. Attorney will take the position that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

2

### Count One

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used;

### Count Two

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used;

### Count Three

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used;

### Count Four

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used;

### Count Five

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used;

### Count Six

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(1), Defendant's offense level is increased by 2, because the property of a financial institution was taken;

## Count Seven

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used;

## Count Eight

(i)     in accordance with USSG §2B3.1, Defendant's base offense level is 20;

(ii)    in accordance with USSG §2B3.1(b)(1), Defendant's offense level is increased by 2, because the property of a financial institution was taken;

(iii)   in accordance with USSG §2B3.1(b)(2)(B), Defendant's offense level is increased by 6, because a firearm was otherwise used; and

## Count Nine

(i)     in accordance with USSG §2K2.4(b), the Court must impose an 84-month sentence consecutively to any other sentence imposed.

Defendant agrees with respect to the application of the USSG that the base offense level is 20 for Counts One through Eight. Defendant further agrees that the base offense level is increased by two levels in accordance with USSG §2B3.1(b)(1) for Counts Six and Eight because the property of a financial institution was taken. Defendant further agrees that the 84-month mandatory minimum applies under Count Nine because a firearm was "brandished" within the meaning of 18 U.S.C. §924(c)(1)(A)(ii). Defendant reserves the right to argue that the base offense level in Counts One through Eight should be increased by five levels in accordance with USSG §2B3.1(b)(2)(C), rather than six levels in accordance with USSG §2B3.1(b)(2)(B).

The parties otherwise have no agreement as to the application of the USSG and reserve all rights with respect to how the USSG apply to Defendant.

The U.S. Attorney reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior convictions be vacated or Defendant's Criminal History Category otherwise change after Defendant's guilty plea in this case.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in

4

Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the USSG under the factors set forth in 18 U.S.C. §3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG §3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about Defendant's financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-

responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a)    120 months' imprisonment, which consists of a sentence of 36 months' incarceration on each of Counts One through Eight, to be served concurrently, and as to Count Nine, a sentence of 84 months to run consecutively to the sentence imposed on Counts One through Eight;

(b)    a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)    60 months of supervised release, which consists of a sentence of 60 months of supervised release on Count Nine, and a sentence of 36 months of supervised release on each of Counts One through Eight, to be run concurrently;

(d)    a mandatory special assessment of $900;

(e)    restitution as determined by the Court at sentencing; and

(f)    forfeiture as set forth in Paragraph 9.

The Defendant agrees to recommend a sentence of not less than 96 months and may rely on any departure and/or factors set forth in 18 U.S.C. §3553(a) in support of that recommendation.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that

Defendant is financially unable to do so.

6.     <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

    (a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)     Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

    (c)     In exchange for the U.S. Attorney's agreement not to file any additional charges pursuant to 18 U.S.C. §924(c), Defendant agrees not to file a direct appeal nor challenge in a future proceeding (collateral or otherwise) Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution).

    (d)     This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant understands and acknowledges the U.S. Attorney has retained all appeal rights.

    (e)     Notwithstanding the previous sub-paragraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

7.     <u>Other Post-Sentence Events</u>

    (a)     In the event that, notwithstanding the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c)).

    (b)     If, notwithstanding the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior

crime.

    (c)    In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

### 8.    Court Not Bound by Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the mandatory minimum and maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

### 9.    Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to one .45 caliber Glock semi-automatic pistol and ammunition seized by law enforcement officials on November 26, 2013.

### 10.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

### 11.    Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the U.S. Attorney.

12.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of any obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, or pursuant to any prior written agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.    Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in any prior written agreement. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in any prior written agreement (subject to Paragraph 12, above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Mark J. Grady.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:

CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

10

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I received an offer by letter dated August 20, 2014 and rejected that offer. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Krystian Gubernat
Defendant

Date: 1-29-15

I certify that Krystian Gubernat has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated August 20, 2014 and that I fully discussed that offer with Defendant before Defendant rejected it.

Edward P. Ryan, Jr., Esq.
Attorney for Defendant

Date: 1/29/15

11