**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
UNITED STATES OF AMERICA   )
                                         )
          vs.                     )  Criminal No. 15-40006-TSH
                                         )
KRYSTIAN GUBERNAT,        )
           DEFENDANT   )
_____)

## SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF KRYSTIAN GUBERNAT

**FACTS:**

The defendant has entered a plea of guilty to a nine-count information alleging robbery, attempted armed bank robbery and using, carrying and brandishing a firearm in furtherance of a violent crime.  Prior to his plea the defendant entered into a plea agreement with the government that provided the government would recommend a sentence of 120 months, 36 months on counts 1-8 and 84 months on count 9.  The defendant reserved the right to argue for a total sentence of 96 months, 12 months on counts 1-8 and 84 months on count 9.

While the defendant is responsible, and acknowledged his responsibility for the commission of the crimes in question, his role was solely that of a driver.[1]  He did not handle or personally brandish any weapon.

For a variety of reasons, including the defendant's age, his history of drug use, the lack of appropriate parental or adult supervision in his youth, his status as a non-citizen, his conduct in the instant offense and the sentence awarded to his co-defendant, the appropriate sentence in this case is a sentence of 96 months is

---

[1] The defendant was captured on videotape in one of the robbery locations one half hour before the robbery, was observed to make a purchase and use his cell phone while exiting.

appropriate. It should be recognized that the defendant would likely be deported at the end of his sentence. It is difficult to articulate how the ends of justice, or the goals of sentencing as hereinafter described will be furthered by a longer period of incarceration.

**APPLICABLE LAW:**

**Sentencing pursuant to 18 U.S.C. 3553 (a):**

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."
18 U.S.C. § 3553(a)(2). In "determining the particular sentence to be imposed," the Court must consider these purposes, the nature and circumstances of the offense and the history and characteristics of the defendant, the need to avoid unwarranted disparities, and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1)–(7). "In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather,

the court should 'consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.' " *United States v. Martin*, 520 F.3d 87, 91 (1st Cir. 2008, *quoting Gall v. United States,* 552 U.S. 38, 52 (2007) 128 S.Ct. 586, 598.

Finally, section 3553 (a)(6) commands that the judge "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." "Disparity gets its content from the purposes of sentencing. Unwarranted disparity is different treatment that is unrelated to our legitimate sentencing goals, or uniform treatment that fails to take into account differences among offenders that are relevant to our purposes and priorities." Paul J. Hofer, *Immediate and Long-Term Effects of United States v. Booker*, 38 Ariz. St. L.J. 425, 442 (2006).

While the offenses to which Mr. Gubernat has pled guilty are serious and carried the potential for violence, his role was essentially non-violent as the driver, and this is not to shrink from his legal responsibility for the acts of his co-defendant. Incarceration for his offenses is clearly warranted, based on his acts, to encourage respect for the law as well as having a deterrent effect.  However, what is just punishment (length of incarceration) for these offenses in light of his conduct is more elusive.

**Immigration Status:**

Mr. Gubernat is not a United States Citizen and as such his BOP classification will be effected in that he will serve his time under harsher and more restrictive

conditions that would likely apply were he a citizen. *United States v. Bakeas,* 987 F.Supp. 44 (D.Mass. 1977).

**Relevant Factors and Background:**

Although not amounting to grounds for a departure from the advisory guideline range there are a number of factors relevant to sentencing in this case. First, is Krystian Gubernat's family background. Sadly he grew up essentially without a father figure. As indicated in the presentence report, he has had minimal contact with his father. His stepfather died when he was only twelve years old. He came to the United States at the age of approximately ten, spoke little or no English, was unhappy, and eventually assimilated with the wrong group. He attempted a return to Poland to be with his father, but this lasted only a week. He began using serious drugs at a very young age ultimately turning to heroin.

Mr. Gubernat has a limited educational background. He dropped out of high school at age 17 and only obtained his GED while in State Custody on other charges. In spite of the many challenges faced by Mr. Gubernat, he attempted to become a useful and productive member of the community. He worked in construction and at one time owned his own small construction business. His drug use and the lifelong lack of positive role models, together with other factors however, overcame these legitimate efforts and he turned to what had become all too familiar, criminal activity. The offense conduct in question occurred when he was age twenty-three and in the throws of heroin addiction.

Finally, Mr. Gubernat appropriately expressed remorse for his criminal behavior.

4

Accordingly, and for the above stated reasons the defendant submits that incarceration for a total term is appropriate, sufficient and not more than necessary to achieve the purposes of the statute in this case.

Respectfully submitted, Krystian Gubernat,
By his attorney,

/s/ Edward P. Ryan Jr.
_____
Edward P. Ryan, Jr., Esquire
O'Connor and Ryan, P.C.
80 Erdman Way, Suite 309
Leominster, MA 01453
978-534-1301
BBO# 434960

September 10, 2015

### CERTIFICATE OF SERVICE

I, Edward P. Ryan, Jr., Attorney for the Defendant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Edward P. Ryan, Jr.
Edward P. Ryan, Jr.